POOR QUALITY ORIGINAL

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Donald Rouse        Pro Se

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**v.**

Danna Nessel,
R.Paul Viar,
Dennis James,

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case: 4:25-cv-10100
Assigned To : Kumar, Shalina D.
Referral Judge: Patti, Anthony P.
Assign. Date : 1/13/2025
Description: CMP ROUSE v NESSEL ET AL (JP)

Jury Trial:  ☑ Yes  ☐ No
*(check one)*

## Complaint for a Civil Case

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Donald Rouse |
| Street Address | 576 Old Goldmine Rd |
| City and County | Troy |
| State and Zip Code | South Carolina |
| Telephone Number | 864 933 8840 |
| E-mail Address | |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Danna Nessel |
| Job or Title (if known) | Attorney General |
| Street Address | 525 w Ottawa st |
| City and County | Lansing |
| State and Zip Code | Michigan 48906 |
| Telephone Number | 517-335-7622 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | R.Paul Viar |
| Job or Title (if known) | Assitaint Attorney General |
| Street Address | 3030 W. Grand Blvd. Suite 10-200, Cadillac Place 1 |
| City and County | Detroit |
| State and Zip Code | Michigan 48202 |
| Telephone Number | 313-456-3885 |
| E-mail Address (if known) | ViarP@michigan.gov |

2

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

Defendant No. 3

| | |
|---|---|
| Name | Dennis James |
| Job or Title (if known) | AG Special Agent |
| Street Address | 525 w Ottawa st |
| City and County | Lansing |
| State and Zip Code | Michigan 48906 |
| Telephone Number | 517-335-7560 |
| E-mail Address (if known) | JamesD6@michigan.gov |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

3

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

**A.    If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. §1983 42 U.S.C. §1985 42 U.S.C. §1986

U.S Const. Amend 1

U.S Const. Amend 4

U.S Const. Amend 14

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual
The plaintiff, *(name)* Donald Rouse _____,
is a citizen of the State of *(name)* South Carolina _____.

b.    If the plaintiff is a corporation
The plaintiff, *(name)* _____,
is incorporated under the laws of the State of *(name)*
_____, and has its principal place of business in the
State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual
The defendant, *(name)* ALL Defendants listed ____, is a citizen of the
State of *(name)* Michigan _____. *Or* is a citizen of *(foreign
nation)* _____.

b.    If the defendant is a corporation
The defendant, *(name)* _____, is incorporated
under the laws of the State of *(name)* _____, and
has its principal place of business in the State of *(name)*
_____. *Or* is incorporated under the laws of
*(foreign nation)* _____, and has its principal place
of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

4

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

3.      The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes
or the amount at stake—is more than $75,000, not counting interest and costs of
court, because *(explain)*:

Award Plaintiff compensatory damages for the defense of the baseless false
charges in an amount to be determined at trial;

Award Plaintiff punitive damages in the amount of $500,000 for significant
emotional distress, reputational damage, financial loss, restraint on liberty, and
significant harm to marriage:

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly
as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.
State how each defendant was involved and what each defendant did that caused the plaintiff
harm or violated the plaintiff's rights, including the dates and places of that involvement or
conduct.  If more than one claim is asserted, number each claim and write a short and plain
statement of each claim in a separate paragraph.  Attach additional pages if needed.

This claim pertains to Knowingly fabricatied criminal charges and dates in retaliation to a
previous case filed on March 6 2020 against the Michigan AG office including Danna Nessel
and other individuals at the Michigan AG office. The plaintiffs Dana Nessel made the charge in
the felony information, R.Paul Viar signed the felony information and Dennis James was listed
as complaining witness on the felony information on March 31st, 2021. This happen just six
days after plaintiff amended his previous March 6 2020 complaint to sue Danna Nessel and
other individuals at the AG office for malicious prosecution.

R.Paul Viar signed the felony complaint on March 31st 2021,Dennis James was listed as the
complaining witness. On April 22nd 2021 Dennis James committed perjury and signed under
oath the fabricated charges and dates stating they were true without any probable cause or any
credible evidence. The defendents have maintained these charges from March 31st, 2021
through November 15th, 2024 after multiple attempts to get the fabricated charges and the
warrant dismissed.defendants continued to violate plaintiffs constitutional rights without
probable cause or any evidence of a crime.

5

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

A. Grant judgment in favor of Plaintiff on all claims and for the remedies sought in each claim;

B. Issue a judicial determination of the rights, duties, and obligations of the parties hereto;

C. Enjoin Defendant from further violations of Plaintiff's constitutional rights;

D. Award Plaintiff compensatory damages for the defense of the baseless false charges in an amount to be determined at trial;

E. Award Plaintiff punitive damages in the amount of $500,000 for significant emotional distress, reputational damage, financial loss, restraint on liberty, and significant harm to marriage;

F. Address the professional misconduct of Defendants, Paul Viar and Dana Nessel, by referring the matter to the appropriate disciplinary authority;

G. Award Plaintiff his costs and attorney fees for bringing this action, with the appropriate multiplier;

H. Grant Plaintiff the maximum economic, non-economic, actual, statutory, emotional, general, and other damages available;

I. Award such other relief as the Court deems just and proper.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January 2                              , 2025        .

Signature of Plaintiff

Printed Name of Plaintiff    Donald Rouse

6

# United States District Court
# Eastern District of Michigan

DONALD ROUSE,     PRO SE

Plaintiff,

v.

DANA NESSEL, Attorney General,
in her official, individual and
personal capacities,
525 W. Ottawa St.
Lansing, MI 48906
Phone: 517-335-7622.

R. PAUL VIAR, Assistant Attorney General,
in his official, individual and
personal capacities,
3030 W. Grand Blvd. Suite 10-200
Cadillac Place 10th Floor
Detroit, MI 48202
Phone: 313-456-0240

DENNIS JAMES, Special Agent A.G. Office,
in his official, individual and
personal capacities,
525 W. Ottawa St.
Lansing, MI 48906
Phone: 517-335-7622.

Defendants.

_____/

Case: 4:25-cv-10100
Assigned To : Kumar, Shalina D.
Referral Judge: Patti, Anthony P.
Assign. Date : 1/13/2025
Description: CMP ROUSE v NESSEL ET AL (JP)

**JURY TRIAL DEMANDED**

1

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS INCLUDING FIRST AND FOURTEENTH AMENDMENT INFRINGEMENTS, MALICIOUS PROSECUTION, AND ABUSE OF PROCESS

NOW COMES, the Plaintiff, DONALD ROUSE (the "Plaintiff" or "Mr. Rouse"), and in support of this complaint against the above-named Defendants, their employees, agents, and successors in office, alleges as follows:

### I. INTRODUCTION

In a society governed by the rule of law, no individual should fear unjust persecution from those sworn to uphold justice. Yet, Donald Rouse, an innocent man, has faced nothing less than a calculated and relentless assault on his freedoms by those at the highest levels of Michigan's legal apparatus. Despite a clear absence of evidence, and the dismissal of initial charges which should have ended his ordeal, high-ranking officials in the Michigan Attorney General's office, including Dana Nessel, Paul Viar, and Dennis James, continued their vendetta. They not only reopened a baseless case but did so knowing the statutory limitations had expired and with full awareness of Mr. Rouse's innocence. Armed with fabricated charges and a profound disregard for the truth, the Defendants have not only ignored their legal and ethical obligations but have also deliberately trampled upon Mr. Rouse's rights in their efforts to punish him for daring to challenge their authority. This case is a clarion call to correct egregious wrongs and to protect the sanctity of our constitutional safeguards. Their actions were not isolated incidents but part of a disturbing pattern of abuse, using their power to repeatedly target and intimidate Mr. Rouse, trampling upon his constitutional rights in the process. This

2

lawsuit seeks to restore justice and uphold the constitutional rights that were blatantly disregarded by those who wield their power not to protect, but to persecute.

## II. JURISDICTION AND VENUE

 A. Plaintiff alleges that Defendants violated his rights under 42 U.S.C. §1983.

 B. Plaintiff alleges that Defendants violated his rights under 42 U.S.C. §1985 (3).

 C. Plaintiff alleges that Defendants violated his rights under 42 U.S.C. §1986

 D. Plaintiff alleges that Defendants violated his rights under the U.S Constitution.

 E. This Court has subject matter jurisdiction over the claims presented in this complaint pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1332 (diversity jurisdiction), 28 U.S. Code § 1367 (Supplemental jurisdiction) and 28 U.S.C. § 1343 (civil rights), as this matter involves federal questions and civil rights violations.

 F. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this district.

 G. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general and equitable powers of this court.

 H. Plaintiff's claim for an award of reasonable costs of litigation, including attorneys' fees and expenses, is authorized by 42 U.S.C. § 1988 and other applicable law.

## III. PARTIES

Plaintiff, Donald Rouse, is a resident of South Carolina, residing at 576 Old Goldmine Rd, Troy, South Carolina 29848.

Defendant, Dana Nessel, is the Attorney General of Michigan and is sued in her official, individual, and personal capacities. Her address is 525 W. Ottawa St., Lansing, MI 48906. Phone: 517-335-7622.

Defendant, Paul Viar, is the Assistant Attorney General of the Attorney General's Office of the State of Michigan and is sued in his official, individual, and personal capacities. His address is 3030 W. Grand Blvd. Suite 10-200, Cadillac Place 10th Floor, Detroit, MI 48202. Phone: 313-456-0240.

Defendant, Dennis James, is a Special Agent of the Attorney General's Office of the State of Michigan and is sued in his official, individual, and personal capacities. His address is 525 W. Ottawa St., Lansing, MI 48906. Phone: 517-335-7622.

## IV. GENERAL ALLEGATIONS

1. On May 29, 2015, an arrest warrant ("the 2015 Warrant") was issued for Plaintiff in South Carolina based on a faxed 2008 Michigan warrant, originally issued for the State of Tennessee, for felony failure to pay child support under MCL 750.165. Plaintiff was arrested the same day at his residence in South Carolina.

2. On February 1, 2017, the charges underlying the 2008 Michigan Warrant were dismissed nolle prosequi "IN THE BEST INTEREST OF JUSTICE" by Defendant Paul Viar. *See exhibits 7-8*

4

3. On March 6, 2020, Plaintiff filed a pro se civil rights complaint under 42 U.S.C. § 1983 in Federal Court for injunctive relief challenging his arrest in South Carolina pursuant to the 2008-2015 Warrant.

4. On March 25, 2021, upon discovering that the 2008 Michigan warrant had been dismissed, Plaintiff amended his federal complaint to include allegations of malicious prosecution for the 2008 warrant against Attorney General Dana Nessel and other individuals at the Michigan Attorney General's office.

5. Six days later, on March 31, 2021, Defendants Paul Viar, Dana Nessel, and Dennis James, in what is alleged to be retaliatory action, issued a felony information and felony complaint and obtained an arrest warrant ("the 2021 Warrant") against Mr. Rouse for felony non-support, under MCL 750.165 (1), alleging **failure to pay the ordered amount at the ordered time in a support order from May 1, 2015 - February 28, 2017**. *See exhibits 4-5*

6. Defendants Paul Viar, Danna Nessel, prepared the felony information and felony complaint and Paul Viar signed both documents, without probable cause or credible evidence. *See exhibits 4-5*

7. Defendant Paul Viar, in his capacity as Assistant Attorney General of Michigan, and Defendant Dana Nessel, in her capacity as Attorney General of Michigan, had

5

the legal obligation not to prosecute without probable cause and to refrain from

filing criminal charges that they know are not supported by probable cause.

Michigan Rules of Professional Conduct (MRPC) 3.8.

8. The charges were filed without any evidence or probable cause and were intended

to harass, intimidate, and retaliate against Plaintiff for exercising his constitutional

rights.

9. The affidavits, felony information, and felony complaint supporting the "2021"

Warrant contained knowingly false statements and inaccuracies, material to the

finding of probable cause.

10. The charges in the 2021 Warrant were based on false information and lacked

credible evidence to support the allegations.

11. Defendants Paul Viar, Dana Nessel, and Dennis James knowingly filed these false

charges despite being aware of the lack of evidence and the falsity of the

allegations.

12. Defendants Paul Viar, Dennis James, and Dana Nessel conspired in this vindictive

prosecution, pursuing charges against Plaintiff out of spite, retaliation, and a

desire to punish him for asserting his rights.

13. The charges were based on fabricated crimes and dates, which were knowingly falsified by Defendants Paul Viar, Dennis James, and Dana Nessel, and the Michigan Attorney General's office.

14. The fabricated charges alleged that Plaintiff failed to pay the ordered amount at the ordered time from May 1, 2015, to February 28, 2017, six years after his support obligations had terminated on June 3, 2009.

15. The statute of limitations for the alleged offense expired six years prior to the filing of the charge on April 22, 2021.

16. There was no valid support order in effect from May 1, 2015, to February 28, 2017, to justify the charges under MCL 750.165 (1).

17. Plaintiff filed a new federal lawsuit in E.D of Michigan for first amendment retaliation after he found that defendants issued the felony information and complaint and obtained the "2021" warrant in retaliation for amending the previous Federal complaint filed against the Michigan Attorney general's office employees.

18. The Federal Court dismissed the retaliation and malicious prosecution claims WITHOUT PREJUDICE ruling the claims were barred by Younger Abstention and by Heck.

7

19. Defendant's Paul Viar and Danna Nessel refused to dismiss the false criminal charges and warrant after the dismissal WITHOUT PREJUDICE.

20. Plaintiff filed a complaint for retaliation in South Carolina Federal Courts after the dismissal without prejudice was issued by the Michigan Court and after the defendants still refused to dismiss the false charges and warrant. The South Carolina Federal District Court took Judicial Notice of the district court order from Michigan and dismissed the case WITHOUT PREJUDICE.

21. Defendants Paul Viar and Danna Nessel again refused to dismiss the false criminal charges and warrant after the dismissal WITHOUT PREJUDICE from the South Carolina District Court.

22. Plaintiff pursued by motion to get the warrant dismissed through the 41b district court that issued the warrant, defendant Paul Viar refused to dismiss the false criminal charges and warrant.

23. The felony information was signed as a witness with malice and in bad faith without probable cause or credible evidence by defendant Paul Viar. Defendant Paul Viar also signed the complaint under oath of office.

24. Defendant Nessel was the charging prosecutor on the felony information and knowingly with malice and in bad faith made the false claim of the fabricated

8

crime and dates charged under MCL 750.165 (1) under oath of office to the court without probable cause or credible evidence.

25. Defendant complaining witness special agent Dennis James with malice and in bad faith signed a felony complaint stating the charges were true without probable cause or credible evidence and committed perjury. Dennis James was also listed as a complaining witness on the felony information.

26. The plaintiff served the defendant Danna Nessel with a complaint and petition for writ of mandamus to dismiss the false charges and warrant that was to be filed with the Michigan Court of Appeals, Paul Viar was refusing service of the complaint for writ of mandamus. On November 15, 2024, the "2021" warrant and false charges were dismissed "nolle prosequi" within a week after Danna Nessel being served the complaint for writ of mandamus.

27. The barrier of Younger and Heck after multiple attempts by the plaintiff to get the false charges and warrant dismissed have now been satisfied in the plaintiffs favor by the dismissal of the false charges and warrant on November 15, 2024, "Nolle Prosequi" by the defendants.

28. Defendants Paul Viar, Dennis James, and Dana Nessel had knowledge or should have had known the support order terminated on June 3rd, 2009, before the issuance of the 2021 felony information and felony complaint. *See exhibits 1-2.*

9

## V. FIRST CAUSE OF ACTION: VIOLATION OF FIRST AMENDMENT RIGHTS FOR
## RETALIATION

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully
written here.

29. The Defendants, under color of state law, engaged in conduct that deprived
    Plaintiff of rights, privileges, or immunities secured by the Constitution and laws
    of the United States, specifically the right to be free from retaliatory prosecution
    protected under the First Amendment.

30. Plaintiff previously engaged in protected activity by filing a federal civil rights
    lawsuit under 42 U.S.C. § 1983 on March 6, 2020, against various individuals
    associated with the Michigan Attorney General's Office, challenging the legality
    of his prior arrest and seeking injunctive relief.

31. Defendants were aware of Plaintiff's protected activity as evidenced by the timing
    and the specific involvement of the Michigan Attorney General's Office in the
    proceedings of the prior federal lawsuit.

32. Within a conspicuously short duration after Plaintiff amended his federal
    complaint on March 25, 2021, to include Attorney General Dana Nessel among
    others for malicious prosecution, Defendants Paul Viar and Dana Nessel,

10

representing the Michigan Attorney General's Office, initiated new criminal proceedings against Plaintiff.

*33.* On March 31, 2021, merely six days after the amendment of the federal lawsuit, Defendants Paul Viar, and Dana Nessel prepared then issued a felony information and felony complaint and obtained an arrest warrant against Plaintiff for felony non-support, a charge based on an alleged failure to comply with a child support order from May 1, 2015, to February 28, 2017, despite the fact that the child support obligation had terminated on June 3, 2009, as per official records. *See exhibits 1-2-3*

**34.** The felony complaint and subsequent warrant issued by Defendants on March 31, 2021, were based on materially false statements and inaccuracies, particularly the existence of a non-existent child support order during the period from May 1, 2015, to February 28, 2017. *See exhibits 2-4-5*

35. Defendants knowingly pursued these charges without probable cause, as evidenced by the lack of any credible evidence and the dismissal of the "2021" warrant on November 15, 2024, by nolle prosequi, and never had a valid legal basis to substantiate the alleged failure to pay child support.

36. The timing and baselessness of the charges, closely following Plaintiff's amendment of his federal civil rights lawsuit to include high-ranking officials

11

from the Michigan Attorney General's Office, indicate that Defendants' actions were motivated by retaliation aimed at punishing Plaintiff for exercising his constitutionally protected rights.

37. The retaliatory conduct of Defendants Paul Viar, Dennis James, and Dana Nessel, and the Michigan Attorney General's Office has caused Plaintiff significant harm, including emotional distress, damage to reputation, and financial harm due to the need to defend against baseless criminal charges.

38. By their actions as described herein, Defendants violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, thereby entitling Plaintiff to relief under 42 U.S.C. § 1983 for the deprivation of civil rights under color of state law.

WHEREFORE, Plaintiff requests this Court grant judgment against Defendants for compensatory damages, punitive damages, costs, and attorney's fees, and such other relief as the Court deems just and proper.

## VI. SECOND CAUSE OF ACTION: CONSPIRACY

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

39. Plaintiff alleges that Defendants Paul Viar, Dana Nessel, and Dennis James reached an agreement to engage in conduct that resulted in the deprivation of

12

Plaintiff's constitutional rights, specifically the right to be free from malicious and retaliatory prosecution.

40. Plaintiff further alleges that in furtherance of this conspiracy, Defendant Paul Viar signed and issued the felony information and felony complaint on March 31, 2021, which led to the issuance of the "2021" Warrant, thereby causing Plaintiff to be subjected to arrest and deprived plaintiff of his liberty without probable cause.

41. While the traditional requirement focuses on racial discrimination, Plaintiff contends that the discriminatory animus in this case was directed against him as a retaliatory measure for exercising his constitutional rights, specifically his First Amendment right to access the courts and seek redress for grievances, which is recognized as a class for the purpose of this argument.

42. Plaintiff points to the overt acts of Defendants fabricating charges and using their official capacities to execute an unjust arrest warrant, which directly led to Plaintiff's wrongful prosecution and the subsequent legal and emotional damages he suffered.

43. As a direct result of the Defendants' conspiratorial actions, Plaintiff suffered significant harm including emotional distress, damage to his reputation, financial

13

harm due to legal costs, and other compensatory damages as previously detailed in this Complaint.

44. Plaintiff asserts that the actions of Defendants Paul Viar, Dana Nessel, and Dennis James were intentional, willful, and coordinated efforts to misuse their official authority and retaliate against Plaintiff, thereby satisfying the elements of a conspiracy under civil rights statutes.

WHEREFORE, Plaintiff requests this Court grant judgment against Defendants for compensatory damages, punitive damages, costs, and attorney's fees, and such other relief as the Court deems just and proper.

## VII. THIRD CAUSE OF ACTION: VINDICTIVE PROSECUTION

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

45. Defendants Paul Viar, Dana Nessel, and Dennis James, in their capacities at the Michigan Attorney General's Office, initiated the criminal proceedings against Plaintiff without probable cause or legitimate prosecutorial purpose, as evidenced by the dismissal of the "2021" warrant on November 15, 2024.

46. The charges filed against Plaintiff were based on obligations purportedly due from May 1, 2015, to February 28, 2017, despite clear evidence that no such

14

support obligations existed during this period, demonstrating the lack of a legitimate prosecutorial purpose.

47. The felony complaint and the felony information for the arrest warrant issued on March 31, 2021, were executed merely six days after Plaintiff amended his federal civil rights complaint to include allegations against Attorney General Dana Nessel and other individuals at the Michigan Attorney General's Office, suggesting retaliatory motives.

48. The timing and circumstances of the issuance of the 2021 Warrant and felony complaint indicate that Defendants acted out of spite, retaliation, and a desire to punish Plaintiff for asserting his rights through the federal civil rights complaint.

49. Defendants Viar, James, and Nessel were aware, or should have been aware, that the charges filed were based on a terminated support order and lacked factual and legal basis, as evidenced by the dismissal of similar previous charges and the existence of official documents stating the termination of the support obligation as of June 3, 2009. *See exhibit 2-3-7-8*

50. By pursuing these unfounded charges, Defendants Viar, Nessel, and James misused their prosecutorial authority to engage in vindictive prosecution aimed at deterring Plaintiff from, and punishing him for, engaging in protected activities, namely the filing of a civil rights lawsuit.

51. The actions of Defendants Viar and Nessel in **filing and maintaining** these
charges until November 15, 2024, with knowledge of their baselessness and in
retaliation for Plaintiff's exercise of his legal rights, constitute vindictive
prosecution in violation of Plaintiff's constitutional rights under the Fourth and
Fourteenth Amendments to the United States Constitution.

52. As a direct and proximate result of Defendants' actions, Plaintiff has suffered
damages including emotional distress, damage to reputation, for which he seeks
relief.

WHEREFORE, Plaintiff requests this Court grant judgment against Defendants for
compensatory damages, punitive damages, costs, and attorney's fees, and such other relief
as the Court deems just and proper.

### VIII. FOURTH CAUSE OF ACTION: RETALIATORY PROSECUTION

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully
written here.

53. Defendants, Paul Viar, Dana Nessel, and Dennis James, acting under color of
state law and in their official capacities at the Michigan Attorney General's
Office, issued a felony information and felony complaint against Plaintiff, Donald
Rouse.

54. On March 31, 2021, Defendants Viar, Nessel, and James issued a felony
complaint and felony information and obtained the "2021" arrest warrant for

16

Plaintiff for felony non-support under MCL 750.165(1), alleging failure to pay the ordered amount at the ordered time in a support order from May 1, 2015, to February 28, 2017.

55. The charges and warrant were based on false statements and affidavits, sworn under oath in violation of MCL 750.426 and MCL 750.423 (Perjury).

56. The issuance of the felony information, felony complaint, and arrest warrant by Defendants was in direct and proximate retaliation for Plaintiff's protected activity under the First Amendment to the United States Constitution.

57. Specifically, Plaintiff had filed a federal civil rights lawsuit under 42 U.S.C. § 1983 on March 6, 2020, against various individuals at the Michigan Attorney General's Office, including an amended complaint filed on March 25, 2021, which added Defendant Dana Nessel among others, alleging violations of his civil rights through malicious prosecution.

58. Merely six days after Plaintiff amended his federal complaint to sue for monetary damages for malicious prosecution against Defendant Nessel and others, on March 31, 2021, **Defendants Viar and Nessel issued the retaliatory felony information and felony complaint** leading to the issuance of the "2021" arrest warrant. *See exhibits 4-5.*

17

59. The timing and sequence of these events—specifically the rapid issuance of new charges shortly after the filing of Plaintiff's amended federal complaint—demonstrate that Defendants' actions were motivated by an intent to retaliate against Plaintiff for exercising his constitutional right to seek redress and to intimidate him from further pursuing his federal civil rights lawsuit.

60. Defendants' actions were intended to punish Plaintiff for his protected activity and to deter him from engaging in such protected activity, thereby violating his rights under the First Amendment to the United States Constitution.

61. At the time of the issuance of the felony information and felony complaint, Defendants knew or should have known that the charges were based on false allegations and lacked probable cause, **as evidenced by the fact that the alleged support order from May 1, 2015, to February 28, 2017, did not exist, and the support obligation had terminated on June 3, 2009**. *See exhibits 2-3.*

62. Defendants' conduct in filing these charges with knowledge of their falsity and in retaliation for Plaintiff's protected activity constitutes prosecutorial misconduct and an abuse of process under Michigan law.

63. The Michigan Rules of Professional Conduct (MRPC) 3.8 imposes special responsibilities on prosecutors, including the duty to refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause.

64. The Defendants' actions, Paul Viar and Dana Nessel, constitute professional misconduct under MRPC 8.4, which prohibits conduct involving dishonesty, fraud, deceit, or misrepresentation.

65. As a direct and proximate result of Defendants' unlawful retaliatory actions, Plaintiff has suffered damages including emotional distress, damage to reputation, and other compensatory damages, in addition to enduring an infringement of his constitutional rights.

WHEREFORE, Plaintiff requests this Court grant judgment against Defendants for compensatory damages, punitive damages, costs, and attorney's fees, and such other relief as the Court deems just and proper.

## IX. FIFTH CAUSE OF ACTION: MALICIOUS PROSECUTION

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

66. To establish a claim for malicious prosecution under Michigan law, a plaintiff must demonstrate that the defendant initiated or procured the initiation of criminal proceedings against the plaintiff.

67. Defendants Paul Viar, Dana Nessel, and Dennis James, acting in their capacities at the Michigan Attorney General's Office, initiated criminal proceedings against

Plaintiff by issuing the 2021 Warrant for felony non-support, which lacked factual and legal basis.

68. The plaintiff must also show that the defendant acted with malice in initiating the prosecution.

69. The rapid issuance of the felony information, felony complaint to obtain 2021 Warrant on March 31, 2021, without a crime or probable cause merely six days after Plaintiff amended his federal complaint to include malicious prosecution claims against Danna Nessel and others at the Michigan Attorney Generals office, evidences malice and a retaliatory motive to oppress Plaintiff for asserting his legal rights.

70. The plaintiff must demonstrate that the proceedings were terminated in the plaintiff's favor.

71. The 2021 Warrant, which was baselessly issued against Plaintiff, was dismissed nolle prosequi on November 15, 2024, indicating a termination in Plaintiff's favor.

72. There must be an absence of probable cause for the proceeding.

73. Plaintiff avers that the 2021 Warrant was issued without probable cause, as evidenced by the lack of credible evidence and the subsequent dismissal of the warrant. The allegations in the warrant were based on an alleged failure to comply with a child support order from May 1, 2015, to February 28, 2017, despite the

fact that Plaintiff's child support obligations had terminated on June 3, 2009. *See exhibits 2-3.*

74. The plaintiff must have suffered a special injury or damage as a result of the original proceeding.

75. Plaintiff alleges that the issuance of the 2021 Warrant and the subsequent legal challenges and defense against these baseless charges have caused him significant legal expenses, emotional distress, and damage to his reputation, financial loss constituting special injury.

76. By these allegations, Plaintiff asserts that Defendants Attorney General Dana Nessel, Paul Viar, Dennis James, and various individuals at the Michigan Attorney General's office maliciously and without probable cause initiated a retaliatory prosecution against him, which was terminated in his favor, causing him special damages.

WHEREFORE, Plaintiff requests this Court grant judgment against Defendants for compensatory damages, punitive damages, costs, and attorney's fees, and such other relief as the Court deems just and proper.

## X. SIXTH CAUSE OF ACTION: FOURTEENTH AMENDMENT VIOLATION OF DUE PROCESS

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

77. The Fourteenth Amendment to the United States Constitution guarantees that no state shall deprive any person of life, liberty, or property, without due process of law.

78. Due process under the Fourteenth Amendment includes both procedural and substantive protections, ensuring that laws are not applied or enforced in an arbitrary or discriminatory manner, and that individuals are given fair procedures.

79. Defendants, acting under color of state law, deprived Plaintiff of his liberty interests without affording appropriate procedural safeguards.

80. On March 31, 2021, Defendants issued a felony information and felony complaint, leading to an arrest warrant against Plaintiff for alleged non-support from May 1, 2015, to February 28, 2017, a period during which Plaintiff had no legal obligation of support, as his obligation had terminated on June 3, 2009.

81. The issuance of the 2021 Warrant was based on materially false statements and inaccuracies regarding Plaintiff's support obligations, demonstrating a misuse of the prosecutorial authority vested in Defendants.

82. Defendants lacked probable cause for the issuance of the 2021 Warrant, as evidenced by the subsequent dismissal of the warrant on November 15, 2024, indicating that the original issuance was without a valid factual or legal basis.

22

83. The actions of Defendants in issuing the 2021 Warrant significantly restricted Plaintiff's liberty, including his right to travel freely without the threat of unlawful arrest, as the warrant was entered into national criminal information databases.

84. The lack of a factual or legal basis for the 2021 Warrant, coupled with the timing closely following Plaintiff's protected activity of filing a federal lawsuit, suggests that the warrant was issued in retaliation, further undermining the legitimacy of the Defendants' actions under the guise of law enforcement.

85. By fabricating charges and misrepresenting facts to the court, Defendants engaged in conduct that was arbitrary and conscience-shocking, in violation of substantive due process.

86. The procedural safeguards normally afforded to individuals in the criminal justice process were circumvented by Defendants' actions, as Plaintiff was not afforded a fair and impartial proceeding; instead, he was targeted through fabricated legal actions motivated by improper purposes.

87. As a direct and proximate result of Defendants' actions, Plaintiff suffered significant harm, including emotional distress, reputational damage, and financial loss, all stemming from the deprivation of his protected rights under the Fourteenth Amendment.

88. Defendants' actions, as described, were intentional, willful, and conducted with reckless indifference to Plaintiff's rights under the Fourteenth Amendment, warranting relief for the violation of his constitutional right to due process.

WHEREFORE, Plaintiff requests this Court grant judgment against Defendants for compensatory damages, punitive damages, costs, and attorney's fees, and such other relief as the Court deems just and proper.

## XI. SEVENTH CAUSE OF ACTION: RESTRAINT ON LIBERTY

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

89. The Defendants, by their actions, intentionally and without lawful justification, restrained the Plaintiff's liberty, violating his constitutional right to due process as guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution.

90. On March 31, 2021, Defendants issued a felony information and felony complaint and obtained an arrest warrant against Plaintiff for felony non-support under MCL 750.165(1), alleging failure to pay the ordered amount at the ordered time in a support order from May 1, 2015, to February 28, 2017, despite the fact that the child support obligation had terminated on June 3, 2009, as per official records. *See exhibits 2-3.*

24

91. The issuance of the 2021 Warrant, entered into the Law Enforcement Information Network (LEIN) and the National Crime Information Center (NCIC), severely restricted Plaintiff's right to travel freely, subjecting him to the constant threat of unlawful arrest and detention.

92. The right to travel is a fundamental right protected under the U.S. Constitution, including the Privileges and Immunities Clause of Article IV, the Commerce Clause, and the Due Process Clause of the Fourteenth Amendment. The Defendants' actions in **issuing and maintaining** the warrant without probable cause or credible evidence unlawfully infringed upon this right.

93. The Defendants' actions were taken with knowledge of their falsity and without probable cause, as evidenced by the dismissal of the "2021" warrant on November 15, 2024, by nolle prosequi, indicating a lack of credible evidence and lawful basis for the charges and restraint imposed on Plaintiff.

94. By fabricating charges and utilizing them to obtain an arrest warrant, Defendants knowingly and maliciously engaged in actions that restrained Plaintiff's liberty, without due process of law, for the purpose of retaliation and to inhibit his exercise of constitutionally protected rights.

95. As a direct and proximate result of Defendants' actions, Plaintiff has suffered significant emotional distress, reputational damage, financial loss, and an

unlawful restraint on his liberty, causing harm to his personal and professional life.

WHEREFORE, Plaintiff requests this Court grant judgment against Defendants for compensatory damages, punitive damages, costs, and attorney's fees, and such other relief as the Court deems just and proper.

## XII. EIGHTH CAUSE OF ACTION: ABUSE OF PROCESS

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

96. Defendants Paul Viar, Dana Nessel, and Dennis James, acting under color of state law, initiated the criminal proceedings against Plaintiff with an ulterior motive, specifically to retaliate against Plaintiff for his protected activities, including filing a federal civil rights lawsuit.

97. Defendants issued a felony information and felony complaint and obtained an arrest warrant on March 31, 2021, against Plaintiff for felony non-support, a charge based on an alleged failure to comply with a child support order from May 1, 2015, to February 28, 2017, despite the fact that Plaintiff's child support obligations had terminated on June 3, 2009.

98. The use of the legal process was not proper in the regular conduct of the proceeding as evidenced by the lack of a factual or legal basis for the issuance of

26

the 2021 Warrant, and its subsequent dismissal nolle prosequi on November 15, 2024, indicating that the original issuance was without a valid factual or legal basis.

99. Defendants' actions in filing these charges, knowing their falsity and lacking probable cause, constituted a misuse of the legal process, intended not to bring Plaintiff to justice, but rather to oppress and harass him.

100.    The misuse of the legal process by Defendants significantly restricted Plaintiff's liberty, including his right to travel freely without the threat of unlawful arrest, as the warrant was entered into national criminal information databases.

101.    As a direct and proximate result of Defendants' abuse of process, Plaintiff suffered damages including emotional distress, damage to reputation, and financial harm due to the need to defend against baseless criminal charges.

WHEREFORE, Plaintiff requests this Court grant judgment against Defendants for compensatory damages, punitive damages, costs, and attorney's fees, and such other relief as the Court deems just and proper.

## XIII. NINTH CAUSE OF ACTION: PROSECUTORIAL MISCONDUCT

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

102.     Defendants Paul Viar and Dana Nessel, in their capacities as prosecutors,

engaged in conduct that violated the Michigan Rules of Professional Conduct

(MRPC) and the constitutional rights of the Plaintiff.

103.     Defendants knowingly pursued charges against the Plaintiff without

probable cause, in violation of MRPC 3.8, which imposes special responsibilities

on prosecutors.

104.     Defendants' actions in filing false charges and misrepresenting facts to the

court constitute a violation of MRPC 8.4, which prohibits conduct involving

dishonesty, fraud, deceit, or misrepresentation.

105.     The prosecutorial misconduct of Defendants Paul Viar and Dana Nessel

resulted in a deprivation of Plaintiff's constitutional rights, including his right to

due process and freedom from malicious prosecution.

106.     As a direct and proximate result of Defendants' prosecutorial misconduct,

Plaintiff has suffered significant harm, including emotional distress, damage to

reputation, and financial loss.

WHEREFORE, Plaintiff requests this Court grant judgment against Defendants for
compensatory damages, punitive damages, costs, and attorney's fees, and such other relief
as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Grant judgment in favor of Plaintiff on all claims and for the remedies sought in each claim;

B. Issue a judicial determination of the rights, duties, and obligations of the parties hereto;

C. Enjoin Defendant from further violations of Plaintiff's constitutional rights;

D. Award Plaintiff compensatory damages for the defense of the baseless false charges in an amount to be determined at trial;

E. Award Plaintiff punitive damages in the amount of $500,000 for significant emotional distress, reputational damage, financial loss, restraint on liberty, and significant harm to marriage;

F. Address the professional misconduct of Defendants, Paul Viar and Dana Nessel, by referring the matter to the appropriate disciplinary authority;

G. Award Plaintiff his costs and attorney fees for bringing this action, with the appropriate multiplier;

H. Grant Plaintiff the maximum economic, non-economic, actual, statutory, emotional, general, and other damages available;

I. Award such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all triable issues.


Dated: January 2nd, 2025

Respectfully submitted,

Donald Rouse, Pro Se Plaintiff
576 Old Goldmine Rd.
Troy South Carolina 29848
864 933 8840

**EXHIBITS ATTACHED**

1. The plaintiff received this document from the Michigan Attorney Generals office (Paul Viars Office in Detroit) this was a request regarding the child support order from the FOC. This document was faxed with exhibit 2. Time stamped and dated at the bottom of the page when it was faxed. This document is in the plaintiffs A.G file and the Friend of Court file.

2. The plaintiff at the same time he received exhibit 1 he received this document from the Michigan Attorney Generals office (Paul Viars Office in Detroit) this was a request regarding the child support order. This document was faxed with exhibit 1 from the F.O.C Time stamped and dated at the bottom of the page when it was faxed. This document shows at the bottom of page the support order terminated on June 3rd, 2009 $0.00 owed per month. This document is in the plaintiffs A.G file and the Friend of Court file.

3. This is a document that was sent to the defendant from the Friend of the court dated January 2009 stating child support will end soon for this child and did on June 3rd, 2009. This document is from the defendants' first witness listed on the felony information and complaint.

4. This document is the felony complaint signed by Defendants Paul Viar and Dennis James. The document shows the fabricated crime charged the fabricated dates of the fabricated crime. Defendant Dennis James

signed this document under oath in front of a Judge and committed perjury. This document states the plaintiff failed to pay the ordered amount at the ordered time from May 1st, 2015-February 28th, 2017. Exhibit 2 shows at the bottom of page the support order terminated on June 3rd, 2009 $0.00 owed per month.

5. This document is the felony information showing Danna Nessel as the charging prosecutor Paul Viar signed the felony information and Dennis James is listed as the complaining witness. Showing Danna Nessel made the false fabricated charge of a crime with fabricated dates in retaliation with malice and in bad faith. This also shows Paul Viar signed the document in retaliation with malice and in bad faith without probable cause or any credible evidence. This document states the plaintiff failed to pay the ordered amount at the ordered time from May 1st 2015-February 28th, 2017. Exhibit 2 shows at the bottom of page the support order terminated on June 3rd, 2009 $0.00 owed per month.

6. This document is a copy of the Circuit Court docket showing the case was closed years prior to May 1st, 2015- February 28th, 2017.

7. This document is a Motion to dismiss nolle prosequi the 2008 warrant issued and signed by defendant Paul Viar "IN THE BEST INTREST OF JUSTICE"

8. This document is from the 41 b District Court showing the 2008 warrant was dismissed and was signed by a Judge.

9. This document is a copy of the Motion to dismiss the "2021" warrant issued by defendant Paul Viar Reason given is the same as the dismissal of the 2008 warrant "IN THE BEST INTEREST OF JUSTICE" without prejudice. Signed by the Judge and was dismissed "NOLLE PROSEQUI" on November 15th, 2024, and the case was closed.



# Macomb County Circuit Court

**Circuit Judges:**
JAMES M. BIERNAT, JR. *Chief Judge*
MATTHEW S. SWITALSKI, *Chief Judge Pro Tem*
MARY A. CHRZANOWSKI
MARK S. SWITALSKI
EDWARD A. SERVITTO, JR.
RICHARD L. CARETTI
DIANE M. DRUZINSKI
TRACEY A. YOKICH
KATHRYN A. VIVIANO
JENNIFER M. FAUNCE
JAMES M. MACERONI
KATHRYN A. GEORGE*
*Probate Judge assigned to Family Court

THOMAS F. BLOHM
Friend of the Court

Enforcement Division Director

BRIAN O. NICHOLAS
Chief Referee

DAVID T. ELIAS
Family Court Counsel/Referee

HEATHER L. KEARNEY
Clerical Services Supervisor

S/A G MALANIAK
STATE OF MICHIGAN ATTORNEY GENERAL
3030 W GRAND BLVD SUITE 10-200
CADILLAC PLACE 10TH FLR
DETROIT, MI 48202

RE: ROUSE, SANDRA VS. DONALD
OUR FILE:  1993-████████DM   IVD ████████

In response to your request for ████████████ the support account in the above captioned case, the balance owing including fees is as follows: ████████████. Please see following pages for separate totals.

Sincerely,

Tammy Nader
Financial Services Supervisor
MACOMB COUNTY FRIEND OF THE COURT

Subscribed and sworn to before me this

_____ day of _____,2015

_____
NOTARY PUBLIC   CAROL A. STAUCH
Macomb County, Michigan
My Commission expires: 03-01-2017
Acting in the County of Macomb

tln

# EXHIBIT

RE:   ROUSE. SANDRA VS. DONALD
DOCKET NO: 1993████-DM / IVD: ████████

## CIRCUIT COURT ORDERS

### EX-PARTE INTERIM ORDER (8-17-93)
Effective 8-17-93 child support $100.00 per week
**TOTAL - $100.00 PER WEEK**

### ORDER OF DISMISSAL (8-11-94)
Case dismissed for failure to enter judgment
**TOTAL - $0.00 PER WEEK**

### ORDER / DEFAULT JUDGMENT OF DIVORCE (9-13-94)
Matter reinstated effective date of dismissal for entry of judgment
Effective 9-13-94 child support $88.00 per week for two (2) minor, ████████████████████
child care $7.00 per week
**ARREARS ARE PRESERVED**
**TOTAL - $95.00 PER WEEK**

### ORDER REGARDING SUPPORT (9-26-01)
Effective 8-22-01 child support $150.00 per week for two (2) minor children, $98.00 per week for one (1)
minor child
**TOTAL - $150.00 PER WEEK**

**EFFECTIVE 10-1-03 CHILD SUPPORT $████████MONTH DUE TO STATEWIDE COMPUTER
SYSTEM CONVERSION**
**TOTAL - $652.50 PER MONTH**
2003 "2" REPRESENTS 2 DAYS PRORATED AT $150.00 PER WEEK (9-29-03 TO 9-30-03)

**EFFECTIVE 6-6-07 CHILD SUPPORT REDUCED TO $426.30 PER MONTH DUE TO EMANCIPATION
OF ████████**
**TOTAL - $426.30 PER MONTH**
2007 "5" REPRESENTS 5 DAYS PRORATED AT $████PER MONTH (6-1-07 TO 6-5-07)
2007 "25" REPRESENTS 25 DAYS PRORATED AT $████PER MONTH (6-6-07 TO 6-30-07)

**EFFECTIVE 6-3-09 CHILD SUPPORT TERMINATED DUE TO EMANCIPATION OF ████**
**TOTAL - $0.00 PER MONTH**
2009 "2" REPRESENTS 2 DAYS PRORATED AT $426.30 PER MONTH (6-1-09 TO 6-2-09)

## TAX INTERCEPTS

2002 REFLECTS TAX INTERCEPT IN THE AMOUNT OF ████ PROCESSED OCTOBER 2002

Fees assessed through current ████

**TOTAL AMOUNT OWED** ████



EXHIBIT 2



**16th CIRCUIT COURT**
**OFFICE OF THE FRIEND OF THE COURT**
**MACOMB COUNTY, MICHIGAN**

Lynn M. Davidson
Friend Of The Court

Sixth Floor
40 North Main Street
Mt. Clemens, MI 48043

Phone: (586) 469-5160
Fax: (586) 469-7941
E-mail: none

**January 17, 2009**

Court Case No: 1993 ██████
Komarnicki Sandra v Rouse Donald

SANDRA KOMARNICKI



RE: Name of Child:
Date of Birth::
IV-D Number:



Dear Parents,

**Support for this child is scheduled to end soon.** The child support order may allow you to collect support beyond this child's 18th birthday or previously submitted graduation date. If the court order provides for continued support, the child must be enrolled as a full-time student in a regular high school program with a reasonable expectation of graduating by age 19 1/2. If this child meets the criteria, please have the high school complete and sign the enclosed form and return it to the Friend of the Court.

If we do not hear from you within 14 days, it will be assumed that this child has graduated from high school and child support will be stopped effective his/her 18th birthday.

Even if current support is not being paid, it is necessary for you to provide this information to ensure that an accurate balance is maintained on your account.

Sincerely,

Friend of the Court Office



**EXHIBIT 3**

FEN803 (Rev. 02/06)



| | Information - Circuit Court<br>Original Complaint - Court<br>Warrant - Court | Bindover/Transfer - Circuit/Juvenile Court<br>Complaint copy - Prosecutor<br>Complaint copy - Defendant Attorney |
|---|---|---|

**STATE OF MICHIGAN**
**41B JUDICIAL DISTRICT**
**16TH JUDICIAL CIRCUIT**

**COMPLAINT**
**FELONY**
**NON-SUPPORT**

**DISTRICT:** 21 -
**CIRCUIT:**
**CTN: 94-21900356-01**
**PA#: 2021900356**
**AG# 2021900356**

District Court ORI: MI- MI500045J     Circuit Court ORI: MI-

**AG ORI:  MI330075A**

Defendant's name and address
**THE PEOPLE OF THE**   V   **DONALD GARY ROUSE**

**STATE OF MICHIGAN**

Victim or complainant
**SANDRA KOMARNICKI**

Cc-defendant(s)  (if known)

**Complaining Witness**
**DENNIS JAMES**

Date: On or about
**COUNT I:  05/01/2016 – 02/28/2017**

| City/Twp /Village<br>**Mt Clemens** | County in Michigan<br>**MACOMB** | Defendant TCN | Defendant CTN<br>**94-21900356-01** | Defendant SID | Defendant DOB |
|---|---|---|---|---|---|
| Police agency report no | Charge<br>**See Below** | Maximum penalty<br>**See Below** | | | |

[ ] A sample for chemical testing for DNA identification profiling is
on file with the Michigan State Police from a previous case

| | Oper./Chauf.<br>CDL | Vehicle Type | Defendant DLN |
|---|---|---|---|

Witnesses
**Macomb County FOC**            **Sandra Komarnicki**            **Dennis James**

**STATE OF MICHIGAN, COUNTY OF MACOMB**
The complaining witness says that on the date and at the location described, the defendant, contrary to law,

**COUNT 1:**   CHILD SUPPORT - FAILING TO PAY
did not pay support for his or her children, in the amount or at the time stated in an order entered by the
Macomb County Circuit Court in file number 199300████DM; contrary to MCL 750.165  [750.165]
**FELONY:**   4 Years and/or $2,000.00

Court shall order law enforcement to collect a DNA identification profiling sample before sentencing or
disposition, if not taken at arrest.

___     The complaining witness asks that the defendant be apprehended and dealt with according to law.

Warrant authorized on **3|31|21**   by

**R Paul Ver**   (P51860)
Assistant Attorney General
Financial Crimes Division
3030 W Grand Blvd 10th Fl
Detroit, MI  48202
313-456-2855

___   Security for costs posted

I declare under the penalties of perjury that this complaint has been examined by
me and that its contents are true to the best of my information, knowledge, and
belief

Complaining Witness Signature

Date

Judge/Magistrate/Clerk            Bar No.

**MC 200**   (12/19)  **FELONY SET, Complaint**

MCL 764.1 et seq. MCL 766.1 et seq. MCL 767.1 et seq. MCR6.110



EXHIBIT 4

| | Information - Circuit Court | Bindover/Transfer - Circuit/Juvenile Court |
|---|---|---|
| | Original Complaint - Court | Complaint copy - Prosecutor |
| | Warrant - Court | Complaint copy - Defendant/Attorney |

| | | |
|---|---|---|
| **STATE OF MICHIGAN** | **INFORMATION** | **DISTRICT:** ~~2 1 -~~ |
| **41B JUDICIAL DISTRICT** | **FELONY** | **CIRCUIT:** |
| **16TH JUDICIAL CIRCUIT** | **NON-SUPPORT** | **CTN:** 94-21900356-01 |
| | | **PA#:** 2021900356 |
| | | **AG#** 2021900356 |

| District Court ORI: MI- MI500045J | Circuit Court ORI: MI- | AG ORI:   MI33007 |
|---|---|---|
| | Defendant's name and address | Victim or complainant |
| **THE PEOPLE OF THE** V | **DONALD GARY ROUSE** | **SANDRA KOMARNICKI** |
| **STATE OF MICHIGAN** | ~~SC~~ | Complaining Witness |
| | | **DENNIS JAMES** |
| Co-defendant(s) (if known) | | Date: On or about |
| | | **COUNT I: ~~05/01/2015 – 02/28/2017~~** |

| City/Twp /Village | County in Michigan | Defendant TCN | Defendant CTN | Defendant SID | Defendant DOB |
|---|---|---|---|---|---|
| **Mt Clemens** | **MACOMB** | | **94-21900356-01** | | ▆▆▆ |
| Police agency report no | Charge | Maximum penalty | | | |
| | **See Below** | **See Below** | | | |

| [ ] A sample for chemical testing for DNA identification profiling is | | Oper./Chauf. | Vehicle Type | Defendant DLN |
|---|---|---|---|---|
| on file with the Michigan State Police from a previous case | | CDL | | ▆▆▆ |

Witnesses
**Macomb County FOC**          Sandra Komarnicki          **Dennis James**

**STATE OF MICHIGAN, COUNTY OF MACOMB**
**Dana Nessel, Attorney General** for the State of Michigan. appears before the court and informs the court that on the date and at the location described above, the defendant

**COUNT 1:**   CHILD SUPPORT - FAILING TO PAY
**did not pay support for his or her children, in the amount or at the time s**tated in an order entered by the Macomb County Circuit Court in file number 19930█████████contrary to MCL 750.165. [750.165]
FELONY:   4 Years and/or $2,000.00

Court shall order law enforcement to collect a DNA identification profiling sample before sentencing or disposition. if not taken at arrest.

_3/3/21_
Date

R. Paul Vier (P51800)
Assistant Attorney General
Financial Crimes Division
3030 W Grand Blvd 10th Fl
Detroit, MI 48202
313/456-3885

MC 200 (12/19)  **FELONY SET, Information**                    MCL 764.1 et seq., MCL 766.1 et seq., MCL 767.1 et seq.,MCR6.110



EXHIBIT 5

Case Details - CourtView Justice Solutions

## 1993-█████-DM ROUSE, SANDRA vs. ROUSE, DONALD G TAY



**Case Type:**
DM-DIVORCE, MINOR CHILDREN
~~Case Status:~~
~~Closed~~
**File Date:**
08/10/1993
**DCM Track:**

**Action:**
DIVORCE WITH MINOR CHILDREN
**Status Date:**
08/10/1993
**Case Judge:**
YOKICH, TRACEY A.
**Next Event:**

EXHIBIT 6

| All Information | Docket | Party | Disposition |

### Docket Information

| Date | Description | Docket Text | Amount Owed | Amount Due | File Ref Nbr. |
|------|-------------|-------------|-------------|------------|---------------|
| 08/10/1993 | ENTRY FEE | ENTRY FEE PAID $ 72.00 #010419 | $0.00 | $0.00 | |
| 08/10/1993 | COMPLAINT/PETITION FILED | COMPLAINT | | | |
| 08/10/1993 | SUMMONS ISSUED | SUMMONS ISSUED | | | |
| 08/10/1993 | FOC ENTRY FEE RECEIVED | FOC FEE PAID   $ 40.00 #017930 | | | |
| 08/19/1993 | NOTES | EX-PARTE INTERIM ORDER MAC 8/17/93 | | | |
| 10/05/1993 | SUMMONS RETURNED AND FILED | SUMMONS RETURNED AND FILED MTN/ORD ALTERNATE SRV, 10/1/93) | | | |
| 10/06/1993 | PROOF OF SERVICE | PROOF OF SERVICE | | | |
| 10/09/1993 | SMILE LETTER SENT | SMILE LETTER SENT | | | |
| 10/22/1993 | FRIEND OF COURT RECOMMENDATION | FRIEND OF COURT RECOMMENDATION | | | |
| 11/02/1993 | PROOF OF SERVICE | PROOF OF SERVICE | | | |
| 03/25/1994 | DEFAULT-DOMESTIC/APPLICATION, ENTRY & NON-MILITARY AFFIDAVIT | DEFAULT-DOM/APP, ENTRY & NON MIL AFF | | | |
| 03/25/1994 | ████████████ | ████████████ | | | |
| 03/29/1994 | ████████████ | ████████████ | | | |
| 03/29/1994 | ████████████ | ████████████ | | | |
| 04/15/1994 | ████████████ | ████████████ | | | |
| 05/10/1994 | ████████████ | ████████████ | | | |
| 05/10/1994 | R████████████ | ████████████ | | | |
| 05/11/1994 | ████████████ | ████████████ | | | |
| 05/24/1994 | ████████████ | ████████████ | | | |
| 06/06/1994 | ████████████ | ████████████ | | | |
| 06/06/1994 | N████████████ | ████████████ | | | |
| 06/08/1994 | R████████████ | ████████████ | | | |
| 06/17/1994 | N████████████ | ████████████ | | | |

2008900030 AJ
Approved, SCAO

Original - Court
1st copy - Prosecutor
2nd copy - Defendant/Juvenile

3rd copy - Policy Agency
4th copy - Arresting agency

PROBATE JIS CODE: NOL

| STATE OF MICHIGAN 16TH JUDICIAL CIRCUIT | MOTION/ORDER OF NOLLE PROSEQUI | CASE NO.: 2⬛⬛⬛⬛ DISTRICT: ⬛⬛⬛⬛ CIRCUIT: ⬛⬛⬛⬛ |
|---|---|---|

District Court ORI: MI500045J

Circuit Court ORI: MI500015J
40 N. Main Mount Clemens, MI 48043  586-469-5208

Police Report No. AGCS 1993003302

| THE PEOPLE OF | [X] The State of Michigan [ ] | v | Defendant/Juvenile name, address, and telephone no. DONALD ROUSE ⬛ ⬛⬛⬛ (⬛ ⬛⬛⬛⬛⬛, TN ⬛ |
|---|---|---|---|

| CTN / TCN 94-08900030-01 | SID | DOB ⬛ |
|---|---|---|

[ ] Juvenile     In the matter of

| Count | CRIME | CHARGE CODE(S) MCL citation/PACC Code |
|---|---|---|
| 001 | CHILD SUPPORT-FAILING TO PAY | 750.165 |

### MOTION

**R. Paul Vier**_____ Assistant Attorney General, moves for a nolle prosequi in this case for the following reason(s): **IN THE BEST INTEREST OF JUSTICE.**

2/1/2017
Date

Assistant Attorney General

S1890
Bar no

### ORDER

**IT IS ORDERED:**

X 1. Motion for nolle prosequi is granted and the case is dismissed without prejudice.
   2. Motion for nolle prosequi is granted as to the following charge(s), which are dismissed without prejudice:

_____

   3. Motion for nolle prosequi is denied.
   4. Defendant/Juvenile shall be immediately discharged from confinement in this case.
   5. Bond is canceled and shall be returned after costs are deducted.
   6. Bond is continued on the remaining charge(s).

5/16/17
Date

Judge/Magistrate

Bar no.

If item 1 is checked, the clerk of the court shall advise the Michigan State Police Criminal Justice Information Center of the disposition as required under MCL769.16a.

**TO THE DEFENDANT:** Your fingerprints and arrest card will be destroyed by the Michigan State Police within 60 days of the date of this order when permitted by MCL 28.243.

MC 263 (3/09 ) MOTION/ORDER OF NOLLE PROSEQUI

MCL 28.243, MCL767.29. MCL 769.16a,MCR 3.936(D)

# EXHIBIT 7

Approved, SCAO

PROBATE OSM CODE  EXR

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 41-B  JUDICIAL DISTRICT  JUDICIAL CIRCUIT  COUNTY PROBATE | CERTIFICATION OF RECORDS/ ATTESTATION OF EXEMPLIFIED COPIES | 08-0438SNT |

**Court address**
22380 Starks Dr., Clinton Twp., MI  48036

**Court telephone no.**
(586) 469-9300

| Plaintiff | | Defendant |
|---|---|---|
| People vs The State of Michigan | v | Donald Rouse |

Juvenile  In the matter of
Probate  In the matter of

### ATTESTATION OF CLERK/REGISTER

I am the clerk/register of the court and I attest that.

1. I am the custodian of the records of the  41-B District  court.

2. I have compared the annexed copies of  Donald Rouse. Defendant was charged with Child Support Failing to Pay Leaving State on 10 01 03. On 05 16 17 Order of Nolle Prosequi was entered and case was closed.

from the above case with the originals on file and of record in this court, and I find the copies to be true copies of the whole of such originals.

06 21 2021
Date

Signature
Liza Daniels
Clerk/Register (type or print)

By: Liza Daniels
Deputy clerk/register (type or print)

### CERTIFICATION OF JUDGE

I,  Sebastian Lucido
Name (type or print)
, judge of the  41-B District Court

court, certify that the above attestation is in proper form and that the signature is genuine.

06 21 2021
Date

Judge                              Bar no.

(SEAL)

**EXHIBIT 8**

NOTE: The Certification of Judge is completed only when records are being sent out of the state.

MC 202  (6/03)  **CERTIFICATION OF RECORDS/ATTESTATION OF EXEMPLIFIED COPIES**

28 USC 1738

Approved, SCAO

| | Original - Court | 3rd copy - Policy Agency |
|---|---|---|
| | 1st copy - Prosecutor | 4th copy - Arresting agency |
| | 2nd copy - Defendant/Juvenile | PROBATE JIS CODE: NOL |

| STATE OF MICHIGAN<br>41B JUDICIAL DISTRICT<br>16TH JUDICIAL CIRCUIT<br>District Court ORI: MI500115J | MOTION/ORDER<br>OF NOLLE PROSEQUI | CASE NO.: ~~████████~~<br>DISTRICT: ~~████████~~<br>CIRCUIT: |
|---|---|---|

Circuit Court ORI: MI500015J

| THE PEOPLE OF | [X] The State of Michigan<br><br>[ ] _____ | v | Defendant/Juvenile name, address, and telephone no.<br>**DONALD ~~████~~ ROUSE**<br>~~████████~~ |
|---|---|---|---|

| CTN / TCN<br>94-21900356-01 / | SID | DOB<br>***** |
|---|---|---|

[ ] Juvenile    In the matter of _____

| Count | CRIME | CHARGE CODE(S)<br>MCL citation/PACC Code |
|---|---|---|
| 1 | CHILD SUPPORT - FAILING TO PAY | 750.165 |
| | | |
| | | |
| | | |
| | | |

### MOTION

~~Robert P. Viar~~_____, prosecuting official, moves for a nolle prosequi in this case for the

following reason(s): ~~IN THE BEST INTEREST OF JUSTICE~~.

Date  11\12\24

_____ Assistant Attorney General Robert P. Viar    P51890
Bar no

### ORDER

**IT IS ORDERED:**

[X] 1. Motion for nolle prosequi is granted and the case is ~~dismissed without prejudice~~.

[ ] 2. Motion for nolle prosequi is granted as to the following charge(s), which are dismissed without prejudice: _____

[ ] 3. Motion for nolle prosequi is denied.

[ ] 4. Defendant/Juvenile shall be immediately discharged from confinement in this case.

[ ] 5. Bond is canceled and shall be returned after costs are deducted.

[ ] 6. Bond is continued on the remaining charge(s).

[ ] 7. The Michigan State Police and arresting agency shall destroy the arrest record, biometric data, and, as applicable DNA profile for the dismissed charge(s). The Michigan State Police shall also remove any LEIN entry concerning any dismissed charge(s).

Date  11 |15| 24

_____ Judge/Magistrate: Jacob M. Femminineo    P52645
Bar no.

If item 1 or 2 is checked, the clerk of the court shall provide a copy of this order to the Michigan State Police.

MC 263 (6/19 ) MOTION/ORDER OF NOLLE PROSEQUI

MCL 28.243, MCL 764.26a, MCL 767.29,
MCL 769.16a, MCR 3.936(D)



*EXHIBIT* 9

JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Donald Rouse

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

## DEFENDANTS
Danna Nessel, . R.Paul Viar, Dennis James

County of Residence of First Listed Defendant    Ingham
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [x]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY | LABOR | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 370 Other Fraud | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 371 Truth in Lending | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | Habeas Corpus: | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | FEDERAL TAX SUITS | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | Other: 540 Mandamus & Other | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights / 555 Prison Condition / 560 Civil Detainee - Conditions of Confinement | IMMIGRATION 462 Naturalization Application / 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1983 42 U.S.C. §1985 42 U.S.C. §1986 U.S Constitution
Brief description of cause:
Retaliation, Malicious Prosecution Due Process, Abuse of Process, Vindictive prosecution, Conspiracy

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE
January 2, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

# PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?  ☑ Yes  ☐ No

If yes, give the following information:

Court: <u>Eastern District for Michigan</u>

Case No.: <u>21 cv 11626</u>

Judge: <u>Linda V Parker</u>

2.  Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☐ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :



Reusa

U.S. MARSHALL

FedEx
Express