UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ROUSE,

       Plaintiff,

v.

                             Case No. 25-cv-10100
                             Honorable Linda V. Parker
                             Mag. Judge Kimberly G. Altman

DANA NESSEL, R. PAUL VIAR,
and DENNIS JAMES,

       Defendants.

_____/

## OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE ALTMAN'S REPORT AND RECOMMENDATION AND (2) ADOPTING REPORT AND RECOMMENDATION (ECF NO. 18)

On January 13, 2025, Plaintiff Donald Rouse filed this *pro se* civil rights action alleging violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986, as well as alleged violations of his First, Fourth and Fourteenth Amendment rights. (ECF No. 1 at PageID.4.) In broad terms, Plaintiff challenges a felony complaint arising out of his arrest in South Carolina based on a warrant from Michigan for failure to pay child support. For the reasons that follow, the Court adopts Magistrate Judge Altman's report and recommendation (ECF No. 18) and (I) **GRANTS** Defendants' motion to dismiss (ECF No. 11); (II) **DENIES AS MOOT** Plaintiff's motion for judicial notice (ECF No. 17); and (III) imposes pre-

filing restrictions on Plaintiff.

## **BACKGROUND**

The instant case is Plaintiff's fourth lawsuit challenging his arrest. On March 6, 2020, Plaintiff filed a federal lawsuit ("2020 Case") in the District of South Carolina. The 2020 Case was subsequently transferred to this District. *See Rouse v. Nessel, et al.*, No. 20-12088, 2021 WL 4452212 (E.D. Mich. Sept. 29, 2021), report and recommendation adopted, 2021 WL 4785527, at *1 (E.D. Mich. July 30, 2021). This Court dismissed the 2020 Case on September 29, 2021.  *See id*; ECF No. 41. The decision was affirmed by the Sixth Circuit on appeal.  *See Rouse v. Nessel*, No. 21-1630, 2022 U.S. App. LEXIS 19069 (6th Cir. July 11, 2022). Plaintiff filed a second lawsuit in this Court while the 2020 Case was pending; the second lawsuit was eventually dismissed by the Court. *Rouse v. Nessel*, et al, Case No. 2:21-cv-11626, 22 U.S. Dist. LEXIS 150235, at *19 (E.D. Mich, Aug. 22, 2022). On November 1, 2022, Plaintiff filed a third lawsuit in the Saluda County Court of Common Pleas, which was removed to the District Court of South Carolina. The case was dismissed on June 28, 2023. *Rouse v. Nessel*, No. 22-03800, 23 U.S. Dist. LEXIS 112373, at *5-8 (D.C. S.C. June 28, 2023). Plaintiff filed the instant case in January of 2025, advancing similar allegations.

On March 19, 2025, the Court referred the matter to Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and

determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 9.) On March 24, 2025, Defendants collectively filed a motion to dismiss. (ECF No. 11.) Plaintiff filed a response on May 2, 2025, and Defendants filed a reply on May 14, 2025. (ECF Nos. 15 & 16.) Additionally, on May 22, 2025, Plaintiff filed a motion requesting that the court take judicial notice of several court documents related to his divorce proceeding and child support obligations. (ECF No. 17.)

Magistrate Judge Altman issued a Report and Recommendation ("R&R") on January 15, 2026, recommending that the Court grant Defendants' motion to dismiss and deny Plaintiff's motion for judicial notice as moot. (ECF No. 18.) Judge Altman also requested that the Court consider imposing prefiling restrictions on Plaintiff. *Id.* In the R&R, Magistrate Judge Altman concludes that Plaintiff's claims should be dismissed under the following theories: (1) *res judicata*, (2) collateral estoppel, (3) prosecutorial immunity (4) qualified immunity, (5) the *Rooker-Feldman* doctrine (6) the *Heck* doctrine, and (7) failure to state a claim. (ECF No. 18 at PageID.323.)  At the conclusion of the R&R, Judge Altman instructs the parties that any objections must be filed within 14 days of service.

3

(ECF No. 18 at 338-39; Fed. R. Civ. P. 72(b)(2).) Plaintiff filed objections on January 28, 2026. (ECF No. 19.)

**STANDARD OF REVIEW**

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  Nevertheless, the Court "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 147.  Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d

373, 380 (6th Cir. 1995)).  Moreover, objections that merely restate arguments previously presented, do not sufficiently identify alleged errors on the part of the magistrate judge.  *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases).  An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

## ANALYSIS

Plaintiff raises twelve objections to the R&R.  (ECF No. 19.)  As in the three prior lawsuits, Plaintiff again challenges the validity of the underlying child support order and various government actions connected to the arrest. Consequently, Plaintiff's complaint—and now objections—suffer from many of the same defects identified in the earlier matters.  Importantly, Plaintiff's allegations and objections in this case are nearly identical to those advanced in Plaintiff's second lawsuit in 2021 ("2021 Case"). *See Rouse v. Nessel, et al*, Case No. 2:21-cv-11626, 22 U.S. Dist. LEXIS 150235 (E.D. Mich, Aug. 22, 2022).

In reviewing Plaintiff's objections, the Court notes that many arguments raised are virtually indistinguishable from those in Plaintiff's response to Defendants' motion to dismiss, and mirror arguments raised in his objections to

5

Magistrate Judge Altman's August 22, 2022, report and recommendation in the 2021 Case. (Case No.2:21-cv-11626; ECF No. 27). Under the doctrines of *res judicata* and collateral estoppel, a plaintiff is barred from pursuing a lawsuit when issues were or *could have* been litigated in prior proceedings. *Res judicata* and collateral estoppel cannot be avoided by simply substituting a new defendant (*compare with* No. 20-cv-12088 (2020 Case)) or by adding an additional claim (*compare with* No. 21-cv-11626; ECF No. 1 at PageID.4 (2021 Case).) The issues raised in Plaintiff's objections repackage arguments previously rejected by this Court and are insufficient to overcome Magistrate Judge Altman's conclusions.

Additionally, because this is Plaintiff's *fourth* attempt to litigate claims arising from the same underlying facts, the Court finds it appropriate to impose pre-filing restrictions. *See, e.g.*, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987) (finding pre-filing restrictions necessary when "vexatious plaintiffs" repeatedly filed complaints concerning the same incident.) To prevent further duplicative litigation, Plaintiff must receive leave of court before filing any future documents—complaints, motions, or otherwise—that assert claims based on or related to the circumstances at issue in this matter.  This restriction does not prevent Plaintiff from initiating new actions concerning unrelated events. But for any filing that seeks to raise, revisit, or otherwise address issues arising from the facts of this case, leave of court is required. This case is closed.

## CONCLUSION

The Court has carefully analyzed Magistrate Judge Altman's report and recommendation and finds that Judge Altman accurately analyzed the merits of Plaintiff's claims.  Thus, the Court rejects Plaintiff's objections to the R&R and adopts Magistrate Judge Altman's January 15, 2026, R&R.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 11) is **GRANTED** and Plaintiff's motion for judicial notice (ECF No. 17) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff will be required to receive leave of court before filing any other documents that stem from the underlying facts in this case.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 16, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 16, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

7